[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ, and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this Court on August 31, 1993 and thence to later dates when the defendant appeared and the action was claimed for the family relations list and when the plaintiff appeared to prosecute the claim for a dissolution of the marriage.
The Court, having heard the evidence finds the following:
1. The wife, by the name of Mari Kuspinsky was lawfully married to the husband on April 17, 1971 at Derby, Connecticut.
2. One party has resided continuously in this State twelve months next before the date of the filing of the complaint or next preceding the date of this decree, and all statutory stays have expired.
3. The marriage has broken down irretrievably and there is no reasonable prospect of reconciliation.
4. Only the following minor child or children have been born to the wife since the date of the marriage, all of whom are the lawful issue of the parties hereto:
Melissa Martino, born July 12, 1976; and
Raymond Martino, born November 5, 1982.
There are no other minor children born to the wife since the date of this marriage.
5. Neither party is receiving financial assistance from the State of Connecticut. CT Page 2701
Whereupon it is adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried, and that the care, custody and education of the minor children is hereby ordered as joint custody with physical custody to the wife, subject to the right of reasonable visitation in the husband.
And that the defendant pay to the plaintiff as alimony $25.00 per week until one of the following first occurs: death of the plaintiff, death of the defendant, remarriage of the plaintiff or cohabitation within the meaning of the statute.
The defendant shall pay $176.00 for the support of each of the minor children until July 12, 1994 and then $113.00 per week thereafter.
Each party shall continue to maintain health insurance coverage as available through their employment for the benefit of the minor children. Any unreimbursed medical and dental expenses for the minor children shall be divided equally between the plaintiff and defendant.
The defendant shall name the plaintiff as irrevocable beneficiary of his life insurance in the face amount of $30,000.00 for as long as he has an alimony obligation.
Defendant shall be solely responsible for payment of his Mastercard charge and the loan owed to his mother and shall indemnify and hold plaintiff harmless therefrom.
The parties shall equally be responsible for the Discover, Sears and Mastercard liabilities, which are in both names.
The defendant shall be responsible for the Speigel bill and the plaintiff shall be responsible for the Service Merchandise bill.
Each party is responsible for their own attorney's fees.
Defendant shall have the tax exemption for the minor child, Raymond, during the period he is receiving support. Plaintiff shall have the tax exemption for the minor child, Melissa.
The following items are to become the sole property of the plaintiff, free and clear from any claim or demand by the CT Page 2702 defendant:
 a) 1990 Ford Taurus (Plaintiff is solely responsible for car loan).
b) her savings account and the U.S. Savings Bonds.
 c) her interest in the real property located at 51 Elm Street, Ansonia, Connecticut.
d) her pension plan.
The following items are to become the sole property of the defendant, free and clear from any claim or demand by the plaintiff:
a) 1978 Pontiac wagon.
b) his savings account.
c) his pension.
Defendant will transfer title to the 1990 Ford Taurus to the plaintiff. Plaintiff is to immediately refinance the balance of the car loan. Plaintiff shall indemnify and hold harmless defendant from any claims or demand on said loan.
Defendant is to remove his tools, clothing, and personal belongings, including speakers, stereo, receivers, tape deck, CD player and gas grill from the marital home. All other personal property shall be solely the plaintiff's.
The joint Derby Savings account, the joint Shawmut Bank checking account, and the savings bonds shall be divided equally between the parties.
Mancini, J. State Trial Referee